EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carlos A. Hernández Jiménez y Sara Villanueva Medina, por sí y en representación de sus hijos menores de edad, Carlos A. y José C. Hernández Villanueva y Yesenia Hernández Villanueva<br>Recurridos<br><br>v.<br><br>Autoridad de Energía Eléctrica; Fulano de Tal y Mengano Más Cual; Zutana de Tal; Corporaciones A, B, C; y Compañías Aseguradoras X, Y y Z<br>Peticionarios | Certiorari<br><br>2015 TSPR 169<br><br>194 DPR ____ |

Número del Caso: CC-2014-764

Fecha: 21 de diciembre de 2015

Tribunal de Apelaciones:

      Región Judicial de Aguadilla

Abogado de la Parte Peticionaria:

      Lcdo. Antonio Silva Rosario

Abogados de la Parte Recurrida:

      Lcdo. Erick A. Rosado Pérez
      Lcdo. Jorge Cancio Valdivia

Materia: Procedimiento Civil/Procedimientos Apelativos – Cómputo del término de 72 horas de la Regla 33(A) del Reglamento del Tribunal de Apelaciones; cómputo de términos bajo la Regla 68.1 del Procedimiento Civil de 2009.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos A. Hernández Jiménez
y Sara Villanueva Medina, por
sí y en representación de sus
hijos menores de edad, Carlos A.
y José C. Hernández Villanueva
y Yesenia Hernández Villanueva
     Recurridos

                                       CC-2014-764     Certiorari

        v.

Autoridad de Energía Eléctrica;
Fulano de Tal y Mengano Más Cual;
Zutana de Tal; Corporaciones A,
B, C; y Compañías Aseguradoras
X, Y y Z
     Peticionarios

    Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 21 de diciembre de 2015.

En esta ocasión, nos corresponde determinar, en el contexto de la Regla 68.1 de Procedimiento Civil, *infra*, la forma en que se ha de computar el término de 72 horas que establece la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *infra*.

**I**

El Sr. Carlos A. Hernández Jiménez y sus familiares (en conjunto, demandantes) presentaron una demanda de daños y perjuicios en contra de la Autoridad de Energía Eléctrica (AEE). Solicitaron el resarcimiento de los daños que sufrieron como consecuencia de una descarga eléctrica que el señor Hernández Jiménez recibió mientras realizaba unos

trabajos de "cableado" en uno de los postes de la AEE. A causa de unas controversias que surgieron en torno al descubrimiento de prueba, el Tribunal de Primera Instancia ordenó a la AEE a entregar dos informes investigativos que supuestamente fueron preparados por dicha corporación pública a raíz del accidente del señor Hernández Jiménez. La AEE se opuso a la entrega y, a tales efectos, presentó una moción de reconsideración en la que adujo que lo solicitado constituía materia privilegiada. Sin embargo, el foro de instancia se negó a reconsiderar y notificó su decisión a las partes el 13 de mayo de 2014.

Inconforme con la orden de descubrimiento de prueba emitida por el foro de instancia, la AEE presentó oportunamente un recurso de certiorari al Tribunal de Apelaciones el **jueves, 12 de junio de 2014 a las 11:31 de la noche** y notificó una copia de la cubierta del recurso al Tribunal de Primera Instancia el **martes, 17 de junio de 2014 a la 1:20 de la tarde**. Luego de examinar las exigencias para el perfeccionamiento del recurso, el foro apelativo intermedio lo desestimó por entender que la AEE incumplió con el requisito reglamentario de notificar al Tribunal de Primera Instancia dentro del término de 72 horas, según requerido por la Regla 33(A) del Reglamento del Tribunal de Apelaciones, *infra*, sin que existiera justa causa para la dilación. En particular, razonó que el término venció el lunes, 16 de junio de 2014 y no el martes, 17 de junio de 2014, fecha en que la AEE efectuó

la notificación. Como fundamento para su decisión, el Tribunal de Apelaciones aplicó la porción de la Regla 68.1 de Procedimiento Civil, *infra*, que dispone que los términos que vencen sábado, domingo o día de fiesta legal se extenderán hasta el próximo día que no sea sábado, domingo o día de fiesta legal. Ahora bien, nótese que, aunque el foro apelativo intermedio recurrió a la Regla 68.1 este omitió aplicar la otra parte de la misma regla que dispone que en los casos en que "el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal **intermedios** se excluirán del cómputo". (Énfasis suplido).

Inconforme con la desestimación, la AEE acudió ante este Foro mediante un recurso de certiorari en el que planteó que notificó oportunamente al foro de instancia, de conformidad con el mecanismo de cómputo de términos menores de 7 días provisto por la Regla 68.1 de Procedimiento Civil, *infra*. Expedido el recurso, los recurridos presentaron su alegato en réplica al certiorari en el que alegaron que la Regla 68.1 de Procedimiento Civil, *infra*, solo aplica a términos dispuestos en días y no a términos que son en horas. Para ello, citaron de forma persuasiva a United Surety & Indemnity Company v. PDMYC, Inc., KLAN201300612 (2013), un caso en el que Tribunal de Apelaciones interpretó que eran las normas del Código Político, *infra*, y no las disposiciones de la Regla 68.1 de Procedimiento Civil, *infra*, las que aplican al

cómputo del término de 72 horas para notificar un recurso de apelación al foro de instancia. Además, los recurridos citaron la Regla 6 de Procedimiento Civil federal, *infra*, que provee un mecanismo específico para el cómputo de términos en horas.

Perfeccionado el recurso, nos disponemos a resolver.

## II

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[1] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[2]

La Regla 33(A) del Reglamento del Tribunal de Apelaciones de 2004, 4 LPRA Ap. XXII-B, dispone que la parte podrá presentar un recurso de certiorari en la secretaría del Tribunal de Apelaciones o en la secretaría del Tribunal de Primera Instancia donde se resolvió la controversia que es objeto de revisión. Por ello, y con el propósito de asegurar que ambos tribunales queden

---

[1] García Morales v. Mercado Rosario, 190 DPR 632, 638 (2014).

[2] Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013); Hernández Maldonado v. Taco Maker, 181 DPR 281, 290 (2011) y Arriaga v. FSE, 145 DPR 122, 130 (1998).

enterados de la presentación del recurso, la Regla 33(A) establece que cuando la solicitud de certiorari se presente ante el Tribunal de Apelaciones, el peticionario deberá notificar copia de la cubierta del recurso debidamente sellada con la fecha y hora de su presentación a la secretaría del tribunal recurrido dentro de las 72 horas siguientes a su presentación. En cambio, de elegir presentarlo inicialmente ante el Tribunal de Primera Instancia, la parte contará con el término de 48 horas para notificar al Tribunal de Apelaciones el original del escrito y tres copias debidamente selladas por el foro primario. Los términos antes mencionados son de cumplimiento estricto.[3] No obstante, **a pesar de que la Regla 33 (A) del Reglamento del Tribunal de Apelaciones,** *supra*, **dispone claramente que la parte deberá notificar al tribunal pertinente en 48 o 72 horas, esta disposición omite explicar la forma en que se deben computar estos términos.**

Con el propósito de resolver la controversia que se nos presenta, es menester realizar una lectura integral del Reglamento del Tribunal de Apelaciones, *supra*, según las normas que rigen su interpretación, y examinar aquellas disposiciones pertinentes de nuestro ordenamiento jurídico relacionadas con el cómputo de términos. Sobre

---

[3] Los tribunales podrán eximir a una parte de observar el cumplimiento de un término de cumplimiento estricto únicamente en los casos en los que exista justa causa para la dilación y la parte la acredite detalladamente ante el tribunal. Soto Pino v. Uno Radio Group, *supra*, pág. 93.

este particular, el profesor Rafael Hernández Colón explica que las normas relativas a los términos para tramitar recursos apelativos se recogen en la Ley de la Judicatura de 2003, las Reglas de Procedimiento Civil, los reglamentos del Tribunal de Apelaciones y del Tribunal Supremo y las leyes especiales.[4]

Primeramente, la Regla 12.1 del Tribunal de Apelaciones, *supra*, intitulada "Norma de interpretación de las disposiciones sobre notificación y forma", dispone que **"los requisitos de notificación a las partes y al tribunal […] deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos".**[5] (Énfasis suplido). Los comentarios a la Regla 12.1 explican que esta responde directamente al mandato del Art. 4.004 de la Ley de la Judicatura del 2003, Ley Núm. 201-2003, 4 LPRA sec. 24w, que exige que el Reglamento del Tribunal de Apelaciones deberá permitir un acceso fácil, económico y efectivo a dicho tribunal y deberá contener reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación.[6] De igual modo, se dispone que esta regla acoge también las

---

[4] R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico: Derecho Procesal Civil</u>, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, sec. 5301, pág. 446.

[5] Regla 12.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

[6] Véase Comentario a la Regla 12.1 del Reglamento del Tribunal de Apelaciones, *supra*.

normas jurisprudenciales del Tribunal Supremo en casos de decisiones desestimatorias del Tribunal de Apelaciones.[7]

Por otro lado, la Regla 2 del Reglamento del Tribunal de Apelaciones, *supra*, sobre interpretación y propósitos, explica que

> **[e]stas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía**, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad, y que **informe a la ciudadanía sobre sus derechos y responsabilidades**, conforme a los propósitos dispuestos en la Ley de la Judicatura de 2003, secs. 24 a 25r de este título.
>
> A tales fines este reglamento está dirigido a:
> (1) Ofrecer acceso fácil, económico y efectivo al tribunal, **eliminando obstáculos y barreras que impidan impartir justicia apelativa** a los ciudadanos con reclamos válidos.
> (2) […]
> (3) Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. (Énfasis suplido).

En lo concerniente, el Código Político, en sus Arts. 388 y 389, 1 LPRA secs. 72 y 73, dispone que "[e]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido", así el acto "podrá realizarse en

---

[7] Íd.

el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado".[8]

Más tarde, mediante la Ley Núm. 9 de 5 de abril de 1941, se concedió a este Tribunal "la facultad de regular los procedimientos judiciales en todas las cortes de Puerto Rico, con el propósito de simplificar los mismos y promover una rápida administración de la justicia". De conformidad con esta potestad, esta Curia redactó las Reglas de Enjuiciamiento Civil de 1943 que eran esencialmente una traducción de las Reglas de Procedimiento Civil federales.[9] En lo pertinente, este cuerpo de normas contenía la siguiente disposición: "Cuando el término prescrito o concedido es menos de siete días, los domingos y días de fiesta que haya de por medio se excluirán del cómputo".[10] Como apreciamos, esta regla no excluía los sábados intermedios del cómputo de términos menores de 7 días.

En el 1952, con la aprobación de nuestra Constitución, se le confirió expresamente a este Tribunal la facultad de adoptar, previa aprobación de la Asamblea

---

[8] El Art. 387 del Código Político, 1 LPRA sec. 71, explica que los domingos se considerarán días feriados, pero nada dispone sobre los sábados. En Sosa v. Tribunal de Distrito y Junta de Salario Mínimo, Interventora, 70 DPR 62, 64 (1949), el Tribunal Supremo también excluyó el sábado del cómputo de un término para presentar un escrito de apelación, fundándose en que las cortes estaban cerradas los sábados.

[9] Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico de 1943, 32 LPRA ant. Ap. I. Para su historial, véase Guzmán, Juarbe v. Vaquería Tres Monjitas, 169 DPR 705, 717 (2006); González v. Tribunal Superior y Pueblo, Interventor, 75 DPR 585, 671 (1953) y Hernández Colón, op. cit., pág. 10 y ss.

[10] Íd.

Legislativa, las Reglas de Evidencia, Procedimiento Civil y Procedimiento Criminal.[11] A tenor con lo anterior, designamos un Comité Consultivo con la encomienda de preparar un borrador para unas nuevas Reglas de Enjuiciamiento Civil. Así, la Regla 69.1 del "Anteproyecto de Reglas de Enjuiciamiento Civil para el Tribunal General de Justicia" adoptaba un lenguaje que también descartaba del cómputo los sábados intermedios cuando el término fuese menor de 7 días.[12]  El texto propuesto leía de la siguiente manera: "Cuando el plazo prescrito o concedido sea menor de 7 días, los sábados, domingos y días de fiesta legal intermedios se excluirán del cómputo".[13]  A su vez, los comentarios de esta regla informaban que "el texto propuesto corresponde con las Reglas 6(a) vigente y federal, de las que difiere en [que se] excluye del cómputo el sábado cuando es el último día de un término o cuando el término a computarse es menor de 7 días".[14]  **Los comentarios también explican que el texto propuesto "cubre lo dispuesto en los artículos 388 y 389 del Código Político de 1 de marzo de 1902".**[15] (Énfasis suplido).

_____

[11] Art. V, Sec. 6, Const. ELA, LPRA, Tomo 1, ed. 2008, pág. 414.

[12] Comité Consultivo sobre Reglas de Enjuiciamiento Civil, Anteproyecto de Reglas de Enjuiciamiento Civil para el Tribunal General de Justicia, San Juan, [s. Ed.], 1954, pág. 168.

[13] Íd.

[14] Íd.

[15] Íd. Cabe resaltar que el hecho de que las disposiciones del Código Político sobre cómputo de términos se hayan incluido en las Reglas de Procedimiento Civil no significa que el primer cuerpo de normas haya perdido vigencia. Conforme al lenguaje de la actual Regla 68.1 de Procedimiento Civil, infra, esta solo aplica a los términos concedidos

Posteriormente se aprobaron las Reglas de Procedimiento Civil para el Tribunal General de Justicia de 1958, 32 LPRA ant. Ap. II, y, en consecuencia, las Reglas de Enjuiciamiento Civil de 1943 quedaron derogadas. En lo pertinente, la Regla 68.1 de Procedimiento Civil de 1958 adoptó textualmente lo propuesto en la Regla 69.1 del Anteproyecto de Reglas de Enjuiciamiento Civil sobre la exclusión de los sábados, tanto como de los domingos y días de fiesta intermedios del cómputo de términos menores de 7 días.[16] Igual texto se mantuvo en las Reglas de Procedimiento Civil de 1979, 32 LPRA ant. Ap. III, y en las de 2009, 32 LPRA Ap. V, añadiéndose a estas últimas que también se excluirán los días concedidos por orden del Tribunal Supremo.

En resumen, las normas establecidas por la Regla 68.1 de Procedimiento Civil de 2009, *supra*, son las siguientes: "[e]n el cómputo de cualquier término concedido **por estas reglas**, o por orden del tribunal o **por cualquier estatuto aplicable** (1) no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir"; (2) se incluirá el último día del término siempre que no sea sábado, domingo ni día de fiesta legal o día concedido por resolución emitida por el Tribunal Supremo y (3) **"cuando**

_____

por: (1) las Reglas de Procedimiento Civil, (2) por orden del tribunal o (3) por cualquier estatuto aplicable. Véase González v. Merck, 166 DPR 659, 681 (2006).

[16] Reglas de Procedimiento Civil para el Tribunal General de Justicia de 1958, 32 LPRA ant. Ap. II.

**el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios [—incluyendo medios días feriados—] se excluirán del cómputo**". (Énfasis suplido).

En cuanto a la aplicación de la Regla 68.1 de Procedimiento Civil de 2009, *supra*, a los términos de naturaleza apelativa, la Regla 1 de ese mismo cuerpo de reglas dispone que "[e]stas reglas regirán todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia".[17] Sobre esto, el profesor Hernández Colón explica que las disposiciones de la Regla 68.1 de Procedimiento Civil son de aplicación a los términos ante el Tribunal de Apelaciones, entre ellos, al plazo para presentar un recurso de apelación.[18] Así, en Medio Mundo, Inc. v. Rivera, 154 DPR 315 (2001), aplicamos el mecanismo de cómputo de la Regla 68.1 de Procedimiento Civil de 1979 al término de 30 días para **apelar una sentencia** ante el Tribunal de Apelaciones. De igual forma, en Maymí Martínez v. Gobierno Mun. Autónomo de Ponce, 151 DPR 689, 696 (2000), utilizamos la Regla 68.1 para computar el término de 30 días para presentar un **recurso de certiorari** al Tribunal Supremo. Mientras, en Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 DPR 816, 823 (1999), también

---

[17] La Regla 1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que "[estas reglas regirán todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia [y se] interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento".

[18] Hernández Colón, op. cit., secs. 5302 y 5544, págs. 448 y 495.

recurrimos a la Regla 68.1 para calcular el tiempo para instar un **recurso de revisión administrativa** ante el Tribunal de Apelaciones. Como apreciamos, las normas sobre cómputo de términos de la Regla 68.1 de Procedimiento Civil no son incompatibles con los términos de naturaleza apelativa.

Por otro lado, y en cuanto a los términos expresados en horas, resulta muy reveladora la manera en que en Coss v. Hosp. Interamericano, 159 DPR 53 (2003), aplicamos la norma sobre cómputo de términos menores de 7 días de la derogada Regla 68.1 de Procedimiento Civil de 1979, *supra*, al cómputo del término dispuesto en horas para notificar al Tribunal de Primera Instancia de la presentación de un recurso de apelación. En ese caso, al computar ese término lo hicimos **considerando las horas como días**. Así, computamos 48 horas como 2 días y 72 horas como 3 días. Esto, a pesar de que al momento en que resolvimos dicho caso el término en horas para notificar al foro de instancia estaba específicamente comprendido en la Regla 53.1 de Procedimiento Civil de 1979, *supra*, tanto como en el anterior Reglamento del Tribunal de Apelaciones de 1996, 4 LPRA Ap. XXII-A.[19]

Posteriormente, con la aprobación de las nuevas Reglas de Procedimiento Civil de 2009, *supra*, se eliminó totalmente la Regla 53.1 debido a que sus disposiciones

---

[19] Cabe resaltar que en el Reglamento del Tribunal de Apelaciones de 1996, 4 LPRA Ap. XXII-A, el término para notificar al foro de instancia era 48 horas.

estaban comprendidas en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[20] Sin embargo, según surge del historial legislativo, esta enmienda se realizó con el exclusivo propósito de evitar la regulación duplicada y repetitiva del mismo asunto por distintos cuerpos de normas. Ante ello, no vemos razón alguna para no aplicar la nueva Regla 68.1 de Procedimiento Civil de 2009 —sobre términos menores de 7 días— al cómputo de los términos en horas del Reglamento del Tribunal de Apelaciones.

Nada en nuestro ordenamiento jurídico nos obliga a diferenciar el cómputo de los términos dispuestos en horas del Reglamento del Tribunal de Apelaciones de aquellos concedidos en días.[21] Máxime cuando en el pasado hemos tomado este mismo curso de acción.[22] No tenemos dudas de

---

[20] Comité Asesor Permanente de Reglas de Procedimiento Civil, Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, marzo de 2008, págs. xxix y 604.

[21] A diferencia de nuestras reglas, la Regla 6 de Procedimiento Civil federal, 28 USCA FRCP R. 6, provee dos mecanismos distintos para el cómputo de términos, el primero aplica a los términos dispuestos en días y el segundo se emplea para computar los plazos establecidos en horas. En lo pertinente, la Regla 6 federal dispone que los términos en horas: (1) comenzarán a computarse **inmediatamente** desde la ocurrencia del evento que desencadena el término; (2) **se cuenta cada hora**, incluyendo los sábados, domingos y días feriados intermedios y (3) si el plazo concluye un sábado, domingo o feriado legal, este se extenderá hasta la misma hora del día siguiente que no sea sábado, domingo o feriado legal. A pesar de que nuestras Reglas de Procedimiento Civil se derivan de las federales, el Legislador decidió no incorporar las disposiciones relativas al cómputo de términos en horas a nuestro ordenamiento legal. Por ello, al no existir un equivalente a la regla federal en nuestro ordenamiento, no estamos obligados a diferenciar el cómputo de los términos en horas de aquellos provistos en días.

[22] La Doctrina del Precedente Judicial establece que "cuando una controversia se ha resuelto deliberadamente, no debe ser variada, a menos que sea tan manifiestamente errónea que no pueda sostenerse sin

que lo resuelto en Coss v. Hosp. Interamericano, *supra*, sobre computar los términos en horas como si fuesen días resulta ser la interpretación más razonable de la Regla 33 del Tribunal de Apelaciones. Resolver lo contrario iría en contra de la política sobre acceso a la revisión judicial. Por ejemplo, en los casos como el de auto, en los que se presenta un recurso apelativo ante el Tribunal de Apelaciones durante su horario nocturno, tendríamos que resolver que la parte que presente oportunamente un recurso apelativo ante dicho foro a las 11:31 pm tendría disponible hasta las 11:31 pm del día en cuestión para notificar la portada del recurso al Tribunal de Primera Instancia, aun cuando conocemos que dicha secretaría solo opera hasta las 5:00 pm.[23]

Así, luego de efectuar un análisis integral de las normas sobre interpretación del Reglamento del Tribunal de Apelaciones, de las Reglas de Procedimiento Civil, del mandato de la Ley de la Judicatura de 2003 —de ofrecer acceso rápido y reducir el número de recursos desestimados—, y la norma establecida en Coss v. Hosp. Interamericano, *supra*, resolvemos que el término de 72 horas para notificar al foro de instancia, provisto por la Regla 33 (A) del Reglamento del Tribunal de Apelaciones, *supra*, debe computarse como 3 días, de conformidad con el

violentar la razón y la justicia". Vega v. Caribe GE, 160 DPR 682, 692 (2003) citando a Banco de Ponce v. Iriarte, 60 DPR 72, 79 (1942).

[23] El horario para la presentación de escritos ante el Tribunal de Apelaciones vence a las 12:00 de la noche. Véase Regla 72 (A) del Reglamento del Tribunal de Apelaciones de 2004, *supra*, y sus comentarios.

mecanismo de cómputo que provee la Regla 68.1 de Procedimiento Civil, *supra*. De esta forma damos estabilidad y certidumbre al ordenamiento jurídico al proveer unas guías claras para que las partes y los tribunales conozcan con certeza cuáles son las fechas de vencimiento de los términos apelativos que se expresan en horas y, de una vez, fomentamos que los recursos sean atendidos en sus méritos.

### III

Conforme al marco jurídico antes expuesto, pasaremos a evaluar la controversia ante nuestra consideración.

En este caso, la AEE presentó oportunamente un recurso de certiorari al Tribunal de Apelaciones el **jueves, 12 de junio de 2014 a las 11:31 de la noche**, el último día hábil del término de 30 días que tenía para recurrir, y notificó copia de la cubierta del recurso al Tribunal de Primera Instancia el **martes, 17 de junio de 2014 a la 1:20 de la tarde**.[24]

Como parte del examen sobre perfeccionamiento del recurso, el Tribunal de Apelaciones aplicó la porción de la Regla 68.1 de Procedimiento Civil, *supra*, que dispone que los términos que vencen sábado, domingo o día de fiesta legal se extienden hasta el próximo día laborable. Sin embargo, omitió aplicar la otra parte de la misma

---

[24] La Regla 52.2 de Procedimiento Civil, *supra*, dispone que los recursos en los que una corporación pública sea parte deberán presentarse al Tribunal de Apelaciones dentro del término de 30 días. En este caso la Resolución del foro de instancia mediante la cual se declaró no ha lugar la moción de reconsideración se notificó el 13 de mayo de 2014. Por tal razón, el recurso de certiorari se presentó oportunamente el jueves, 12 de junio de 2014.

regla que dispone que "[c]uando el plazo concedido sea menor de 7 días, los sábados, domingos o días de fiesta legal **intermedios** se excluirán del cómputo". (Énfasis suplido). Como resultado de este análisis parcial, el foro apelativo intermedio razonó que el recurso se notificó al tribunal de instancia un día después de vencido el término, sin que existiera justa causa para la dilación, y procedió a desestimarlo.

Al interpretar conjuntamente las disposiciones contenidas en las Reglas de Procedimiento Civil, el Reglamento del Tribunal de Apelaciones, el propósito de la Ley de la Judicatura y la norma establecida en Coss v. Hosp. Interamericano, *supra*, la interpretación más razonable requiere que apliquemos la Regla 68.1 de Procedimiento Civil —sobre términos menores de 7 días— al cómputo de las 72 horas que la AEE tenía disponible para notificar la presentación del certiorari al foro de instancia. Entonces, al aplicar las disposiciones de Regla 68.1 de Procedimiento Civil, resolvemos que el jueves, 12 de junio de 2014 —día en que la AEE presentó el recurso de certiorari— no se cuenta para el cómputo del término de 72 horas. Es por ello que el viernes, 13 de junio de 2014 fue el **primer** día del término. A su vez, el sábado 14 y el domingo 15 —días intermedios— quedaron excluidos del cómputo por tratarse de un término menor de 7 días. Por tal razón, el lunes, 16 de junio de 2014 fue el **segundo** día del término y el martes, 17 de junio

de 2014, el **tercer** y último día para efectuar la notificación al foro de instancia. Como apreciamos, es forzoso concluir que la AEE notificó oportunamente al Tribunal de Primera Instancia el martes, 17 de junio de 2014, dentro del término de 72 horas requerido. Erró el Tribunal de Apelaciones al resolver lo contrario.

## IV

Por los fundamentos que anteceden, revocamos la resolución del Tribunal de Apelaciones en el caso de epígrafe. Consiguientemente devolvemos el caso a dicho foro para la continuación de los procedimientos de forma compatible con la Opinión que antecede.

Se dictará Sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos A. Hernández Jiménez
y Sara Villanueva Medina, por
sí y en representación de sus
hijos menores de edad, Carlos A.
y José C. Hernández Villanueva
y Yesenia Hernández Villanueva
     Recurridos

          v.

Autoridad de Energía Eléctrica;
Fulano de Tal y Mengano Más Cual;
Zutana de Tal; Corporaciones A,
B, C; y Compañías Aseguradoras
X, Y y Z
     Peticionarios

CC-2014-764     Certiorari

SENTENCIA

San Juan, Puerto Rico, a 21 de diciembre de 2015.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la resolución del Tribunal de Apelaciones en el caso de epígrafe. Consiguientemente devolvemos el caso a dicho foro para la continuación de los procedimientos de forma compatible con la Opinión que antecede.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo