ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>CRISTHOPHER ADORNO RIVERA<br><br>Peticionario | KLCE202300910 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: E VI2012G0042<br><br>Sobre: Art. 106 Asesinato en Primer Grado |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece Christopher Adorno Rivera (en adelante, señor Adorno Rivera y/o peticionario), mediante un recurso de *Certiorari,* para solicitarnos la revisión de una *Resolución,* emitida el 7 de julio de 2023, y notificada el 19 de julio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI). Mediante el dictamen recurrido el foro primario declaró No Ha Lugar una solicitud de nuevo juicio[1].

**I**

El 14 de agosto de 2023, el peticionario presentó el recurso de *Certiorari* del título. Según se desprende del recurso, el peticionario se encuentra cumpliendo una condena por infracción al Artículo 106 del Código Penal de Puerto Rico de 2004[2] y por el Artículo 5.04 y 5.15 de la Ley de Armas de Puerto Rico del 2000[3], para un total de 134 años.[4] Según se desprende, esta condena, fue impuesta luego

---

[1] 34 LPRA Ap. II R. 192.1
[2] CÓD. PEN. PR Art. 106 [Derogado].
[3] Ley de Armas de Puerto Rico, Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, arts. 5.04 y 5.15, 25 LPRA § 458c & 25 LPRA § 458n [Derogada].
[4] Recurso de *Certiorari* a la pág. 1.

Número Identificador

RES2023_____

de que un jurado hubiese encontrado culpable al peticionario. En el recurso, el peticionario expresó que, con relación al Artículo 106[5], fue encontrado culpable mediante una votación por mayoría de 9-3, mientras que en los relacionados a los Artículos 5.04 y 5.15[6], la votación fue 12-0.[7]

De lo que sigue, se desprende de los autos que el 26 de junio de 2023, el peticionario presentó una *Moción por la Regla 192.1 y Artículo 4, Principio de Favorabilidad*. En respuesta, mediante *Resolución* emitida el 7 de julio de 2023, el tribunal *a quo* denegó la misma concluyendo lo siguiente:

> El dictamen de *Ramos v. Louisiana*, adoptado por nuestro Tribunal Supremo en *Pueblo v. Torres Rivera, 2020 TSPR 42,* aplica a aquellos casos que se encontraban pendientes de revisión y, por tanto, no eran finales y firmes. Véase, además, *Pueblo v. Torres Irizarry*, 199 DPR 11 (2017) y *Pueblo v. González Cardona*, 153 DPR 765 (2001).

En el recurso ante nos, el peticionario adujo que el foro primario erró al haber denegado la aludida solicitud de nuevo juicio.

Luego de revisar el recurso ante nos, emitimos una *Resolución* el 23 de agosto de 2023, mediante la cual se concedió término al peticionario para someter debidamente cumplimentada y firmada, la solicitud para litigar de forma *pauperis*, o en su defecto, los aranceles correspondientes para la presentación del recurso, conforme a la Regla 78 del Reglamento del Tribunal de Apelaciones.[8] De igual forma, en la referida *Resolución*, se concedió término al peticionario para presentar el apéndice del recurso. En la *Resolución* emitida se le especificó que, mínimamente, debía incluir los documentos mediante los cuales pudiésemos auscultar nuestra jurisdicción. Tras haber decursado el término proviso para cumplir con lo anterior, sin que el peticionario lo hubiese hecho, el 8 de

---

[5] CÓD. PEN. PR art. 106 [Derogado].
[6] Ley de Armas de Puerto Rico, Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, arts. 5.04 y 5.15, 25 LPRA § 458c & 25 LPRA § 458n [Derogada].
[7] Recurso de *Certiorari,* a la pág. 1.
[8] 4 LPRA Ap. XXII-B, R. 78.

septiembre de 2023, este Tribunal emitió *Sentencia* desestimando el recurso de *Certiorari*.

Ahora bien, el 26 de septiembre de 2023,[9] el peticionario presentó una *Moción Informativa* a la cual acompañó la solicitud para litigar de forma *pauperis*, así como la *Resolución* recurrida. Consecuentemente, mediante *Resolución* emitida el 29 de septiembre de 2023, este Tribunal acogió dicha solicitud como una de reconsideración y fue declarada Ha Lugar. Por otro lado, considerando que la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.7 (B)(5), nos confiere la facultad para prescindir de escritos, en cualquier caso, con el propósito de lograr su más justo y eficiente despacho, hemos acordado disponer del presente recurso sin requerir mayor trámite.

**II**

**A. Expedición del recurso de *Certiorari***

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales de jerarquía inferior.[10] A tales efectos, el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior.[11] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[12] Conviene destacar, que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[13] A esos efectos, la discreción se "nutr[e] de un juicio racional apoyado en la

---

[9] El matasellos tiene fecha del 12 de septiembre de 2023.
[10] *Hernández Jiménez v. AEE*, 194 DPR 378, 382 (2015); *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[11] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[12] *Id.*, 920.
[13] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[14]

Al amparo de ello, nuestro Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha manifestado, en lo pertinente, que la parte afectada por alguna orden o resolución interlocutoria en un proceso criminal, puede presentar un recurso de *Certiorari* mediante el cual apele el dictamen interlocutorio del foro primario.[15] La Regla 40 del Reglamento del Tribunal de Apelaciones[16], esboza los criterios que el tribunal deberá considerar para expedir un auto de *Certiorari*, como sigue:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este tribunal revisor debe determinar, como cuestión de umbral, si procede su expedición. El peticionario alega que erró el TPI al haber denegado la aludida solicitud de nuevo juicio. Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de

---

[14] *SLG Zapata-Rivera v. J.F. Montalvo, Id.; Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).
[15] *Pueblo v. Román Feliciano*, 181 DPR 679, 690 (2011).
[16] 4 LPRA Ap. XXII-B, R.40.

cualquier norma procesal o de derecho sustantivo.[17] Puntualizamos que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[18] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección.

Luego de haber evaluado la totalidad del expediente, a la luz de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Puntualizamos que nuestro ordenamiento jurídico nos confiere la discreción para intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Juzgamos que en el recurso ante nos, no nos encontramos ante ninguna de estas circunstancias que hagan necesario eludir la norma de abstención judicial.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[18] *Pueblo v. Díaz de León, supra*, 917.