Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MIGUEL ÁNGEL BURGOS CUEVAS<br><br>Demandante Peticionario<br><br>v.<br><br>ROSA MARY KEMP RAMÍREZ<br><br>Demandada Recurrida | KLCE202401282 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.:<br>D CU2019-0122<br><br>Sobre:<br>Custodia |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparece el señor Miguel Ángel Burgos Cuevas (señor Burgos Cuevas o peticionario) vía *certiorari* y recurre de la *Orden* del Tribunal de Primera Instancia, Relaciones de Familia y Menores de la Región Judicial de Bayamón, emitida el 18 de noviembre de 2024. En dicho dictamen, se concedió la petición de excarcelación del señor Burgos Cuevas y se ordenó a la Unidad de Cuentas del Tribunal emitir un cheque a favor de la señora Rose Mary Kemp Ramírez (señora Kemp Ramírez o recurrente). Igualmente, el señor Burgos Cuevas nos solicita que investiguemos los ingresos de ambas partes y cualquier falsedad que alguno haya presentado sobre el mismo, todo en cuanto a la cantidad que pueden pagar hacia la pensión alimenticia de su hija menor de edad. A la *Solicitud y Declaración para Que Se Exima de Pago de Arancel por Razón de Indigencia*, ha lugar. Por los fundamentos que expondremos, denegamos expedir el recurso por falta de jurisdicción.

Número Identificador

RES2024 _____

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Ahora bien, el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones, *supra*. Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden o resolución que deniegue una moción

de carácter dispositivo y si es sobre la admisibilidad de testigos o peritos, anotaciones de rebeldía, casos que revistan interés público, o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, entre otros. Reglas 52.1 de Procedimiento Civil, *supra*. Además, la Regla 52.1—en concordancia con las Reglas 56 y 57—permite la revisión de órdenes de embargo o prohibiciones de enajenar, para hacer o desistir de hacer actos específicos, o de *injunctions*, entre otros. Reglas 52.1, 56.1 y 57.1 de Procedimiento Civil, *supra*.

A esos efectos, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Regla 40 del Tribunal de Apelaciones, *supra*. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SGL Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Trinidad v. Chade*, 153 DPR 280 (2001); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)); *Job Connection Center v. Sups. Econo*, 185 DPR 585 (2012) (citando a *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta. et al.*, 117 DPR 729 (1986)).

A la luz de lo anterior, nuestro ordenamiento reconoce el derecho de todo ciudadano a recurrir de las decisiones de un organismo inferior, siempre y cuando los recursos presentados estén sujetos a las

limitaciones legales y reglamentarias que rigen el perfeccionamiento de dicho recurso. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585 (2019) (citando a *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378 (2015)). Tal perfeccionamiento depende de la observancia rigurosa de las disposiciones reglamentarias, su cumplimiento fuera del arbitrio de las partes o sus abogados. Íd. (citando a *García Morales v. Mercado Rosario*, 190 DPR 632 (2014); *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011)). De esta manera, los tribunales apelativos estarán en posición de decidir correctamente los casos, ya que tendrían un expediente completo y claro de la controversia que tienen ante sí. *Soto Pino v. Uno Radio Group*, *supra*. Claro, estas disposiciones deben interpretase de forma que propicien la accesibilidad de los ciudadanos a la justicia y sus respectivos procesos, así permitiendo que se atiendan las controversias en los méritos y que se reduzcan el número de recursos desestimados por defectos de forma o notificación que no afecten los derechos de las partes. Íd. (citando a Art. 4.004 de la Ley Núm. 201-2003 (4 LPRA sec. 24w); Reglas 2 y 12.1 del Tribunal de Apelaciones, *supra*; *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98 (2013)).

Así las cosas, el *Reglamento del Tribunal de Apelaciones* dispone que el cuerpo de todo recurso de *certiorari* contendrá, entre otros, (1) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal; (2) un señalamiento breve y conciso de los errores que a juicio del peticionario cometió el foro primario; y (3) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable. Regla 34 del Tribunal de Apelaciones, *supra*.

A su vez, la *Ley Orgánica de la Administración para el Sustento de Menores* dispone que el Examinador estará adscrito a la Sala Superior del Tribunal de Primera Instancia y será quien podrá, entre otros, (1) dirigir y permitir que las partes de un caso de pensión alimentaria se envuelvan en el descubrimiento de información que agilice el procedimiento y la resolución de las controversias; (2) recibir testimonio y cualquier otra evidencia; y (3) establecer un récord del caso. Art. 13 de la Ley Núm. 5 de 30 de diciembre de 1986 (8 LPRA sec. 512). Tales descubrimientos de información serán compulsorios y el formulario preparado por la Oficina de Administración de los Tribunales, después de completado, se radicará en la secretaria del Tribunal de Primera Instancia. Id., secs. 501, 515.

En el presente caso, el peticionario omitió incluir el texto, las citas y otras disposiciones necesarias para perfeccionar su recurso. El expediente demuestra que el recurso del señor Burgos Cuevas no incluye citas legales que establecen la jurisdicción y la competencia del foro apelativo, un señalamiento breve y conciso de los errores alegadamente cometidos por el Tribunal de Primera Instancia o una discusión de los referidos errores con sus respectivas citas legales. Además, el señor Burgos Cuevas nos solicita comenzar un proceso de descubrimiento de información cuya facultad no recae sobre este Tribunal, sino en el Examinador adscrito al foro primario. Por tanto, ante la falta del perfeccionamiento requerido y la inhabilidad de disponer del remedio solicitado, este Tribunal carece de la jurisdicción necesaria para resolver el caso en sus méritos.

Por los fundamentos expresados, denegamos expedir el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones