ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| REYNALDO LANDRÓN CLASS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE SALUD, DIVISIÓN DE ASISTENCIA MÉDICA<br><br>Recurrido | TA2025AP00356 | *Apelación* acogida como *Revisión Judicial*[1] procedente del Departamento de Salud, División de Asistencia Médica<br><br>Revisión Administrativa Núm. 9023494<br><br>Caso Núm.: 5296729<br><br>Sobre: Elegibilidad al Programa Medicaid |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Comparece ante nos la parte recurrente, el Sr. Reynaldo Landrón Class (señor Landrón Class), quien solicita nuestra intervención para examinar la *Resolución* emitida por la parte recurrida, la División de Asistencia Médica del Departamento de Salud de Puerto Rico (DSPR), el 2 de septiembre de 2025 y notificada el día 8 siguiente. Mediante el referido pronunciamiento administrativo, se sostuvo la determinación de inelegibilidad del recurrente al Programa Medicaid.

Luego de los procedimientos interlocutorios de rigor,[2] por conducto de la Oficina del Procurador General, compareció la parte recurrida mediante una *Solicitud de Desestimación*, a la que unió un legajo del Expediente Administrativo Certificado. Alegó que carecíamos de jurisdicción para atender el recurso del señor Landrón Class, toda vez que adolecía de prematuridad. Le asiste la razón.

---

[1] Acogemos el presente recurso como una petición de revisión judicial, al ser el mecanismo procesal adecuado en virtud de la decisión impugnada. Por economía procesal, conservamos la clasificación alfanumérica otorgada en nuestra Secretaría.

[2] El 23 de septiembre de 2025, emitimos una *Resolución*, mediante la cual le concedimos hasta el 8 de octubre de 2025 al recurrente para que cumpliera con la Regla 58 (B), *Notificación a las partes*, del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 80-81, 215 DPR __ (2025). El 6 de octubre de 2025, el señor Landrón Class cumplió con lo ordenado.

Revisamos la *Resolución* en el caso del epígrafe, al palio del Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.* (Ley Núm. 201-2003), el cual dispone que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las decisiones finales de los organismos y agencias administrativas". 4 LPRA sec. 24u; además, Art. 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y. En consonancia, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq.*, establece un **procedimiento uniforme de revisión judicial** a la acción tomada por una agencia de Gobierno al adjudicar un caso.

En lo que nos atañe, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, que versa sobre los **términos para presentar el recurso de revisión judicial** ante este tribunal, en parte, estatuye:

> Una parte adversamente afectada por una orden o resolución final de una agencia y **que haya agotado todos los remedios provistos por la agencia** o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir** de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir **de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. [...] (Énfasis nuestro).

En el caso que la parte afectada **opte por solicitar una reconsideración al foro administrativo**, entonces, la Sección 3.15, *Reconsideración*, de la LPAUG, 3 LPRA sec. 9655, dispone en lo pertinente lo que sigue:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha**

**moción deberá considerarla.** Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración**. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. […] (Énfasis nuestro).

En la presente causa, el señor Landrón Class impugnó[3] ante el DSPR la determinación de inelegibilidad al programa Medicaid notificada el 30 de abril de 2025.[4] Luego de celebrada la vista administrativa el 14 de agosto de 2025,[5] el DSPR acogió el *Informe de la Oficial Examinadora,* Lcda. Natalia Guzmán Bonet,[6] y notificó su *Resolución* el **8 de septiembre de 2025**,[7] fundamentada en varias disposiciones sobre elegibilidad estatuidas en el Código de Regulaciones Federales.[8]

En suma, en el procedimiento administrativo, se computó el ingreso mensual bruto del recurrente durante los últimos treinta (30) días previos a la fecha de la solicitud de recertificación, instada el 9 de abril de 2025.[9] Totalizó $2,407.80.[10] El recurrente fue evaluado como *Adulto* bajo la metodología *Modified Adjusted Gross Income* (MAGI) debido

---

[3] Véase, Expediente Administrativo Certificado anejado a la *Solicitud de Desestimación* del DSPR, a las págs. 28-30; 35-36.
[4] *Id.*, a las págs. 25-27.
[5] *Id.*, a las págs. 48-50.
[6] *Id.*, a las págs. 55-60.
[7] *Id.*, a las págs. 53-54.
[8] 42 CFR secs. 435(J), 436.840, 436.901.
[9] *Id.*, a las págs. 16-23. El periodo de treinta (30) días se extendió desde el 6 de marzo de 2025 al 4 de abril de 2025.
[10] Para ello, se utilizaron los siguientes talonarios: 14 de marzo de 2025: $480.18; 21 de marzo de 2025: $483.60; 28 de marzo de 2025: $481.62; 4 de abril de 2025: $480.84. En cuanto al ingreso correspondiente al 7 de marzo de 2025, se promediaron los provistos para un total de $481.56 ($1,926.21 ÷ 4 = $481.56). Cabe señalar que el referido talonario obra en las últimas páginas del Expediente Administrativo Certificado. Éste refleja un ingreso bruto semana de $485.76, es decir, $4.20 más que el imputado en el promedio. Igualmente, la Oficial Examinadora apuntó que, a la fecha de celebrada la vista administrativa, el recurrente no había provisto una certificación de empleo, emitida por su patrono en la que presuntamente se expresaba que el señor Landrón Class devengaba un salario por hora de $12.00 y una jornada laboral de 40 horas semanales, así como que su frecuencia de pagos era semanal. El referido documento sí se encuentra en los autos. Véase, Expediente Administrativo Certificado, a las págs. 9-12, 39, 56-57124, 127-132.

a que sus ingresos excedieron el límite de $1,800.00.[11] Al palio de la evaluación *Estatal – Transición*, a dicho monto se le aplicó una deducción fija de $560.00 y otra de $317.00 por los gastos de medicamentos sometidos por el propio recurrente,[12] para un total de $1,530.80 lo cual excedió el máximo de $800.00.[13] En consecuencia, el DSPR determinó que el señor Landrón Class era inelegible para el Programa de Medicaid.

Insatisfecho, dentro del término provisto por la Sección 3.15 de la LPAUG, *supra,* el recurrente optó por agotar todos los remedios administrativos e interpuso oportunamente una *Solicitud de Reconsideración* el **9 de septiembre de 2025** vía correo electrónico.[14] Allí planteó que no se tomaron en consideración sus gastos médicos recurrentes, los cuales eran indispensables para su condición de salud y afectaban su capacidad económica. Indicó también que debía tomarse en cuenta su situación económica particular.

Mientras la petición de reconsideración todavía se encontraba ante la evaluación de la División de Asistencia Médica, el recurrente presentó una *Demanda* contra el DSPR, ante el Tribunal de Primera Instancia el 10 de septiembre de 2025 (BY2025CV04732).[15] Luego de varios trámites, toda vez que el DSPR adolece de personalidad jurídica, el Estado no fue emplazado y porque esencialmente el recurrente solicitaba una revisión judicial, el foro primario desestimó sin perjuicio la reclamación el 12 de septiembre de 2025.[16]

Así, pues, el **19 de septiembre de 2025** se presentó ante nos el recurso administrativo que nos ocupa. **A esa fecha, el DSPR todavía no se había expresado acerca de los fundamentos planteados en la**

---

[11] Véase, Expediente Administrativo Certificado, a la pág. 3, *MAGI - Medicaid.* Nótese que, aun cuando únicamente se consideraran los ingresos de treinta (30) días según surgen de la certificación del patrono del recurrente, los ingresos ascenderían a $1,920.00 lo que excede por igual el límite de $1,800.00.

[12] *Id.*, a la pág. 14.

[13] *Id.*, a la pág. 3, *Transición - Estatal.*

[14] *Id.*, a las págs. 63-64. Cabe mencionar que la petición de reconsideración fue fechada el 22 de septiembre de 2025.

[15] Véase, Expediente Administrativo Certificado, a las págs. 88-89. Tomamos conocimiento judicial del expediente electrónico del caso *Reynaldo Landrón Class v. Departamento de Salud, Programa Medicaid*, BY2025CV04732.

[16] *Id.*, a las págs. 81-84.

**moción de reconsideración**. Recuérdese que la Sección 3.15 de la LPAUG, *supra*, otorga al ente administrativo un término de quince (15) días para acoger o denegar de plano la petición, seguido de otro de noventa (90) días, a partir de la presentación de la solicitud, para resolver en sus méritos la petición.

De hecho, consta en autos que, el 11 de septiembre de 2025, la Lcda. Claudia Raffucci Pino sometió el *Informe de la Oficial Examinadora sobre Reconsideración*, el cual contravino los planteamientos del recurrente.[17] El documento fue acogido por el DSPE, quien dictó una *Resolución sobre Reconsideración* el 22 de septiembre de 2025, notificada el día **25 de septiembre de 2025**.[18] Claro está, la emisión posterior del dictamen a la presentación del recurso nos impide considerarlo en sus méritos.

En fin, es forzoso concluir que el presente recurso apelativo adolece de prematuridad, lo que incide sobre nuestra jurisdicción revisora. Como se sabe, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Un dictamen emitido sin jurisdicción es nulo en Derecho y, por lo tanto, inexistente. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Al respecto, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones,

---

[17] *Id.*, a las págs. 76-77. La Oficial Examinadora aseveró que el expediente administrativo carecía de evidencia que sustentara los otros gastos aludidos por el recurrente, ya que la única prueba sometida fue el desglose de los medicamentos, cuya totalidad de $317.00 en efecto se sustrajo de los ingresos. Añadió que el Programa de Medicaid es uno de naturaleza socioeconómica, por lo que la evaluación de elegibilidad está supeditada a parámetros uniformes. En el caso del recurrente, se aplicaron todas las deducciones y gastos, según evidenciados, que la normativa autoriza. Sin embargo, el ingreso de la parte recurrente excedió el límite de acuerdo a su categoría establecido en $800.00. Finalmente, la Oficial Examinadora apuntó que, de producirse un cambio en las circunstancias económicas, ya fuera por variación de ingresos o aumento en los medicamentos recurrentes, el señor Landrón Class puede volver a solicitar una nueva evaluación de elegibilidad al Programa de Medicaid.

[18] *Id.*, a las págs. 74-75.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), autoriza a esta curia a desestimar un recurso apelativo, bajo el fundamento de falta de jurisdicción, estatuido en el inciso (B) (1) de la misma norma procesal.

En torno a esto, es necesario precisar que el derecho estatutario a que un tribunal de superior jerarquía revise las decisiones emitidas por los foros administrativos está supeditado a que las partes observen rigurosamente el cumplimiento de las disposiciones legales y reglamentarias establecidas por nuestro ordenamiento jurídico sobre los términos y la presentación de los recursos. *Hernández Jiménez, et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). El mero hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

En mérito de las determinaciones previas, desestimamos el recurso de revisión judicial por falta de jurisdicción por prematuridad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones