Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SUCN. MAYRA HAYDEÉ RIVERA NIEVES Y OTROS<br><br>Recurridos<br><br>vs.<br><br>RAYMOND DEL VALLE HERNÁNDEZ Y OTROS<br><br>Peticionarios | KLCE202301193 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2018CV01154<br><br>Sobre: Acción Civil; Acción Reivindicatoria; Sentencia Declaratoria; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Santiago Calderón, la Jueza Álvarez Esnard y la Jueza Martínez Cordero.

*Martínez Cordero, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece el señor Raymond Del Valle Hernández, la señora Leishla Nieves Ferrer y la Sociedad de Gananciales compuesta por ambos (en adelante, parte peticionaria) para solicitarnos la revisión de la *Resolución* emitida el 27 de septiembre de 2023 y notificada el 28 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, TPI).[1] Mediante el dictamen recurrido, el foro primario sostuvo que en torno a la reconvención instada por la parte peticionaria, la misma fue objeto de un recurso de *Certiorari* ante este Tribunal de Apelaciones.

I

A los fines considerar el recurso presentado, sintetizaremos los hechos procesales atinentes a la controversia de autos. El 16 de octubre de 2018, la señora Mayra Haydeé Rivera Nieves, el señor

---

[1] Apéndice de la parte peticionaria, a la pág. 1. Véase, además, Entrada 151 del expediente del TPI en SUMAC.

Enrique Alvarado Hernández, y la Sociedad de Gananciales por ellos compuesta (en adelante, parte recurrida), presentaron una *Demanda* sobre acción reivindicatoria, sentencia declaratoria y daños y perjuicios contra el señor Raymond Del Valle Hernández, la señora Leishla Nieves Ferrer y la Sociedad de Gananciales por ellos compuesta, así como contra el señor Raymond Del Valle González, la señora Doris Hernández Soto y la Sociedad de Gananciales por ellos compuesta.[2]

Tras una serie de eventos procesales los cuales no son necesario detallar, el 2 de diciembre de 2021, la parte recurrida presentó una *Moción Solicitando Sustitución y en Solicitud de Enmienda a la Demanda*[3] y una *Demanda Enmendada.*[4] Así pues, Mediante dos órdenes emitidas el 6 de diciembre de 2021, notificada el 7 de diciembre de 2021, el TPI aceptó la sustitución, así como la *Demanda Enmendada.*[5]

Posteriormente, el 28 de enero de 2022, la parte recurrida presentó una *Moción de Anotación de Rebeldía y Cita para Juicio,*[6] ya que, a ese momento, ninguno de los peticionarios había presentado alegación responsiva en cuanto a la *Demanda Enmendada.* En ese sentido, el TPI anotó la rebeldía a los peticionarios y señaló la Conferencia con Antelación a Juicio mediante una *Orden* emitida el 31 de enero de 2022 y notificada el 1 de febrero de 2022.[7] Subsiguientemente, el 16 de marzo de 2022, la parte peticionaria presentó una *Moción Solicitando se Deje sin Efecto Anotación de Rebeldía.*[8] En esa misma fecha, la parte peticionaria presentó su *Contestación a Demanda Enmendada.*[9]

---

[2] Apéndice de la parte peticionaria, a las págs. 73-86.
[3] Entrada 98 del expediente del TPI en SUMAC.
[4] Apéndice de la parte peticionaria, a las págs. 40-59.
[5] Entradas 100-101 del expediente del TPI en SUMAC.
[6] Entrada 102 del expediente del TPI en SUMAC.
[7] Entrada 103 del expediente del TPI en SUMAC.
[8] Entrada 105 del expediente del TPI en SUMAC.
[9] Entrada 106 del expediente del TPI en SUMAC.

Cabe destacar que dentro de la *Contestación a Demanda Enmendada* se encontraba una *Reconvención.*

Sobre el particular, mediante órdenes emitidas el 16 y 17 de marzo de 2022, el TPI dejó sin efecto la anotación de rebeldía a la parte peticionaria.[10] El 16 de marzo de 2022, también emitió una *Orden* en la cual aceptó la *Contestación a Demanda Enmendada.*[11]

Así las cosas, el 18 de marzo de 2022, la parte recurrida presentó una *Moción Solicitando Reco[n]sideración a Relevo de Rebeldía por Tardía.*[12] Mediante una *Orden* emitida el 18 de marzo de 2022, el TPI le concedió un término de quince (15) días a la parte peticionaria para expresarse.[13] Oportunamente, el 4 de abril de 2022, la parte peticionaria presentó una *Réplica a Moción en Oposición a Orden Dejando sin Efecto la Anotación de Rebeldía.*[14] De ahí, el 26 de abril de 2022, el TPI emitió y notificó una *Resolución* anotando la rebeldía a la parte peticionaria.[15]

No obstante, el 27 de abril de 2022, la parte peticionaria presentó una *Moción Solicitando Autorización para Enmendar la Reconvención.*[16] En respuesta, el 28 de abril de 2022, la parte recurrida presentó *Moción Contra Reconvención Enmendada.*[17] Por otro lado, el 11 de mayo de 2022, la parte peticionaria presentó una *Moción De Reconsideración a Resolución del 26 de abril de 2022.*[18] Al día siguiente, el 12 de mayo de 2022, la parte recurrida presentó una *Moci[ó]n en En[é]rgica Oposici[ó]n A Reconsideraci[ó]n por Falta de Jurisdicci[ó]n para Atenderla y Ser Acad[é]mica por ser un Asunto Adjudicado.*[19]

---

[10] Entradas 108-109 del expediente del TPI en SUMAC.
[11] Entrada 107 del expediente del TPI en SUMAC.
[12] Entrada 110 del expediente del TPI en SUMAC.
[13] Entrada 111 del expediente del TPI en SUMAC.
[14] Entrada 112 del expediente del TPI en SUMAC.
[15] Apéndice de la parte peticionaria, a las págs. 11-25.
[16] *Id.*, a las págs. 26-27.
[17] Entrada 122 del expediente del TPI en SUMAC.
[18] Entrada 125 del expediente del TPI en SUMAC.
[19] Entrada 127 del expediente del TPI en SUMAC.

Evaluado los escritos, el 25 de mayo de 2022, el TPI dictó una *Resolución* en la cual declaró No Ha Lugar tanto la moción para enmendar la reconvención como la moción de reconsideración de la *Resolución* emitida el 26 de abril de 2022.[20] En esencia, el foro primario enfatizó que, puesto a que la parte peticionaria se encontraba en rebeldía, esta no tenía derecho a reconvenir.

Insatisfecho con este resultado, el 23 de junio de 2022, la parte peticionaria acudió ante esta Curia mediante un recurso de *certiorari* identificado con el alfanumérico KLCE202200668, y formuló los siguientes señalamientos de error:

**PRIMER SEÑALAMIENTO DE ERROR:**

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR RESOLUCIÓN EL 26 DE ABRIL DE 2022 EN LA QUE SE DECLARA HA LUGAR LA RECONSIDERACION DE LA PARTE DEMANDANTE Y QUE TUVO EL EFECTO DE ANOTAR LA REBELDÍA A LOS DEMANDADOS.

**SEGUNDO SEÑALAMIENTO DE ERROR:**

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR A LA SOLICITUD DE RECONSIDERACIÓN DE LA PARTE DEMANDADA PRESENTADA EL 11 DE MAYO DE 2022 Y AL DECLARAR NO HA LUGAR A LA SOLICITUD DE AUTORIZACIÓN PARA PRESENTAR UNA RECONVENCIÓN ENMENDADA Y RECONVENCIÓN ENMENDADA.

Atendido el recurso, denegamos el auto discrecional de *certiorari* mediante una *Resolución*.[21] Así las cosas, el TPI retomó los trabajos y celebró una vista de estado de los procedimientos el 29 de agosto de 2023. Según se desprende de la *Minuta* de dicha vista,[22] la representación legal de la parte peticionaria le informó al TPI que en este pleito aún se encontraba pendiente una reconvención directa. En vista de este planteamiento, el foro primario le concedió un término de diez (10) días a la parte peticionaria para que

---

[20] Apéndice de la parte peticionaria, a las págs. 5-7.
[21] Véase nuestra *Resolución* en el caso KLCE202200668, emitida el 20 de abril de 2023.
[22] Entrada 147 del expediente del TPI en SUMAC.

presentara por escrito su posición al respecto y diez (10) días a la parte recurrida para que replicara.

En cumplimiento con esta orden, el 11 de septiembre de 2023, la parte peticionaria presentó una *Moci[ó]n en Cumplimiento de Orden Sobre la Reconvenci[ó]n Directa de los Demandantes*.[23] En síntesis, sostuvo que, en la resolución del 26 de abril de 2022, el TPI mantuvo vigente una reconvención. En respuesta, el 14 de septiembre de 2023, la parte recurrida presentó una *Moción en Oposición a Escrito Titulado "Moci[ó]n en Cumplimiento de Orden Sobre La Reconvenci[ó]n Directa de los Demandantes"*.[24] En esencia, planteó que el foro primario carecía de jurisdicción para nuevamente pasar juicio sobre una controversia ya resuelta.

Examinado estos escritos, el 27 de septiembre de 2023, notificado el 28 de septiembre de 2023, el TPI emitió una *Resolución,* mediante la cual expresó lo siguiente:

> ENTERADO. EL ASUNTO SOBRE LA RECONVENCI[Ó]N FUE ATENIDA POR EL TRIBUNAL DE PRIMERA INSTANCIA POR LO CUAL SE SOLICIT[Ó] LA REVISI[Ó]N MEDIANTE CERTIORARI AL TRIBUNAL DE APELACIONES. RESUELTO LO ANTERIOR ESTE TRIBUNAL ENTIENDE QUE NO TIENE JURISDICCI[Ó]N PARA ENTRAR NUEVAMENTE EN DICHA CONTROVERCIA POR LO QUE LA PARTE DEMANDADA SE ENCUENTRA EN REBELDIA, TAL COMO DISPUSO PREVIAMENTE EL TRIBUNAL, Y NO EXISTE RECONVENCI[Ó]N.[25]

Insatisfechos, el 30 de octubre de 2023, la parte peticionaria compareció ante este Tribunal mediante un recurso de *Certiorari,* en el cual se esgrimió la comisión del siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR RESOLUCIÓN DESCONOCIENDO LA PRESENTACI[Ó]N DE UNA RECONVENCI[Ó]N DIRECTA Y LA R[É]PLICA DE LOS DEMANDANTES CON ANTELACI[Ó]N A LA ANOTACI[Ó]N DE REBELD[Í]A SOBRE UNA DEMANDA ENMENDADA.

---

[23]  Entrada 148 del expediente del TPI en SUMAC.
[24]  Entrada 150 del expediente del TPI en SUMAC.
[25] Apéndice de la parte peticionaria, a la pág. 1.

Oportunamente, el 16 de noviembre de 2023, la parte recurrida presentó su alegato en oposición.

Quedando el caso perfeccionado y con el beneficio de la comparecencia de ambas partes, procederemos a exponer el derecho aplicable.

**II**

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales de jerarquía inferior.[26] A tales efectos, el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior.[27] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[28] Conviene destacar, que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[29] A esos efectos, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[30] Al amparo de ello, nuestro Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha manifestado, en lo pertinente, que la parte afectada por alguna orden o resolución interlocutoria en un proceso criminal, puede presentar un recurso de *Certiorari* mediante el cual apele el dictamen interlocutorio del foro primario.[31] La Regla 40 del Reglamento del Tribunal de Apelaciones[32], esboza los criterios

---

[26] *Hernández Jiménez v. AEE*, 194 DPR 378, 382 (2015); *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).

[27] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[28] *Id.*, pág. 920.

[29] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

[30] *SLG Zapata-Rivera v. J.F. Montalvo, Id.; Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).

[31] *Pueblo v. Román Feliciano*, 181 DPR 679, 690 (2011).

[32] 4 LPRA Ap. XXII-B, R.40.

que el tribunal deberá considerar para expedir un auto de *Certiorari,* como sigue:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari,* este tribunal revisor debe determinar, como cuestión de umbral, si procede su expedición. El peticionario alega que erró el TPI al dictar su resolución desconociendo la presentación de una reconvención directa previo a que se le anotara la rebeldía. Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[33] Puntualizamos que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[34] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de

---

[33] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[34] *Pueblo v. Díaz de León, supra,* 917.

Primera Instancia, de cuyas determinaciones se presume su corrección.

Luego de haber evaluado la totalidad del expediente, las posiciones de las partes y el expediente judicial del TPI en el SUMAC, a la luz de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Puntualizamos que nuestro ordenamiento jurídico nos confiere la discreción para intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Juzgamos que en el recurso ante nos, no nos encontramos ante ninguna de estas circunstancias que hagan necesario eludir la norma de abstención judicial.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones