ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ÁNGEL RUÍZ MORALES IV<br><br>DEMANDANTE-APELANTE<br><br>V.<br><br>HEWLETT PACKARD ENTERPRISE<br><br>DEMANDADOS-APELADOS | KLAN202301065 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Aguadilla<br><br>Caso Núm. A1CI201800790 (603)<br><br>Sobre:<br>Discrimen en el Empleo por Razón de Condición de Salud; Represalias; Reclamación de Salarios; Despido Injustificado al Amparo de la Ley Núm. 80 |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de enero de 2024

Recurre ante nos el Sr. Ángel Ruiz Morales IV (en adelante, Demandante o Apelante) mediante un recurso de apelación. En este nos solicita que revoquemos una sentencia emitida por el Tribunal de Primera Instancia, Sala de Aguadilla (en adelante, TPI), el 7 de septiembre de 2023. En el referido dictamen el TPI declaró *Ha Lugar* la moción de desestimación presentada por Hewlett Packard Enterprise (en adelante, Demandada o Apelada).

No obstante, antes de que fuera perfeccionado el recurso, compareció ante este foro la Apelada, y mediante *Moción De Desestimación Por Falta de Jurisdicción* nos solicita que desestimemos la apelación por insuficiencia en la notificación de dicho recurso. Adelantamos que por fundamentos que explicaremos a continuación, nos vemos obligados a *desestimar* el recurso de epígrafe.

**I.**

El 3 de octubre de 2018 el Apelante presentó una demanda en contra del Apelado en la cual reclamó indemnización por su alegado despido injustificado, discrimen en el empleo por razón de salud y represalias. Luego de varios tramites procesales, los cuales incluyeron la imposición de fianza de no residente, varios contratiempos con el descubrimiento de prueba, e incumplimiento de órdenes que resultaron en sanciones,[1] el TPI declaró con lugar la moción de la parte demandada solicitando la desestimación del pleito. Aunque el foro primario reconoció la severidad de su determinación, la estimó meritoria por tratarse de un caso severo donde la falta de diligencia y patrón de incumplimiento imposibilitaron la tramitación del pleito. Fundamentó su decisión en los reiterados apercibimientos hechos a la parte demandante de que desestimaría el pleito si continuaba incumpliendo con sus órdenes y severas sanciones económicas.[2]

Inconforme con esa determinación, el Demandante solicitó reconsideración el 25 de septiembre de 2023, la cual fue declarada sin lugar el 17 de octubre de 2023 y notificada el 19 de octubre de 2023. Insatisfecho aun, recurrió ante este foro y alegó los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia, sala de Aguadilla, al actuar con pasión, prejuicio y parcialidad en contra de la parte demandante, al concluir que "De un examen del expediente judicial surge inequívocamente que la parte demandante fue advertida en múltiples ocasiones que su incumplimiento con las órdenes del tribunal provocarían la desestimación de su causa de acción. No obstante, la parte demandante continúo desplegando un patrón de incumplimiento que ha impedido la tramitación del caso. Incluso, las sanciones impuestas probaron ser ineficaces en el orden de administrar justicia, pues la parte demandante no solo falló en pagarlas, sino que continuo con este patrón de desinterés y falta de diligencia sin justificación alguna para ello."

> Erró el Honorable TPI en su interpretación y aplicación de la Regla 39.2 de Procedimiento Civil.

---

[1] Sentencia del TPI, apéndice II del recurso de apelación, pág. 2-4.
[2] Sentencia del TPI, apéndice II del recurso de apelación, pág. 8-10.

Por su parte, la Apelada presenta ante nos una *Moción de Desestimación por Falta de Jurisdicción*. Alega que este Tribunal esta impedido de atender el recurso ya que hubo una notificación defectuosa. Para argumentar su alegación, la representación legal que suscribe nos explica que para el 2 de febrero de 2023 llevó a cabo un cambio de dirección en el Registro Único de Abogas y Abogados (RUA),[3] y que dicha dirección fue utilizada en los escritos presentados ante el TPI a partir de esa fecha, por lo cual la parte Apelante estaba enterada del cambio. Sin embargo, ignoró esta información y notificó el recurso a la dirección anterior. Según entiende la Apelada, el Apelante incumplió su deber ineludible de notificar el recurso según lo establecido en la Regla 13 (B) del Tribunal de Apelaciones, *infra*, por lo que procede la desestimación por falta de jurisdicción.

**II.**

En nuestro ordenamiento jurídico hay un derecho a apelar ante este Tribunal de Apelaciones las determinaciones finales de los tribunales de instancia. Art. 4.002, Ley de la Judicatura de 2003, Ley Núm. 201-2003, según enmendada. Sin embargo, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento con las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos de los foros apelativos. *Hernández Jiménez v. Autoridad de Energía Eléctrica*, 194 DPR 378, 383 (2015). Esto es así ya que en el derecho procesal apelativo no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuando. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013)

En particular, el requisito de notificación se incorporó a la práctica legal con el interés de salvaguardar el debido proceso de ley de las partes que podrían verse afectadas por la presentación de un recurso apelativo. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 104-105 (2013). Es

---

[3] *Moción de Desestimación por Falta de Jurisdicción* del Apelado, apéndice II.

por ello que la falta de notificación a todas las partes en el litigio priva de jurisdicción al tribunal para atender el recurso en los méritos y conlleva su desestimación. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1071 (2019); *Pérez Soto v. Cantera Pérez, Inc. et al.,* supra, pág. 106.

Al respecto, la Regla 13 (B) del Reglamento del Tribunal de Apelaciones, *infra*, establece en su parte pertinente que:

> (B) Notificación a las partes
>
> (1) Cuándo se hará
>
> La parte apelante notificará el recurso apelativo y los apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.
> …
>
> (2) Cómo se hará
>
> …
>
> La notificación por correo se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, **a la dirección postal que surja del último escrito que conste en el expediente del caso**. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a **la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo.** (Énfasis suplido) 4 LPRA. Ap. XXII-B R. 13 (B).

Según surge de la precitada norma, el término para notificar a las partes la prestación del recurso apelativo es uno de cumplimiento estricto. Los tribunales no gozamos de discreción para prorrogar los términos de cumplimiento estricto automáticamente. *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group*, supra, pág. 92. Por el contrario, solo tenemos discreción para extender dichos términos cuando (1) exista justa causa para la dilación y (2) la parte que incumple demuestra detalladamente al tribunal las bases razonables que tuvo para ello. *Rivera Marcucci v. Suiza Dairy*, supra.

La acreditación de justa causa se hace con explicaciones concretas y particulares, debidamente evidenciadas en el escrito, que nos permitan

concluir que hubo una **excusa razonable para la tardanza o la demora, más no con meras alegaciones generales o excusas superfluas**. *Soto Pino v. Uno Radio Group*, supra, pág. 85, 92 (Énfasis suplido). En suma, si no se observa un término de cumplimiento estricto, la parte que incumple tiene el deber de acreditar la existencia de justa causa, y "en el caso específico del derecho procesal apelativo, este incumplimiento impide la revisión judicial ya que ocasiona que no se perfeccionen sus recursos apelativos", *Id.*, pág. 97.

**III.**

En síntesis, la Apelada argumenta que no ha sido notificada del recurso de apelación conforme a los requisitos de la Regla 13 (B)(2) del Reglamento del Tribunal de Apelaciones, *supra*, por tanto, al carecer de jurisdicción, este Tribunal tiene el deber de desestimar el recurso.

En cambio, el Apelante arguye que no procede la desestimación ya que, aunque el envío del recurso fue a una dirección incorrecta, el recurso fue presentado dentro del término y, según admite la Apelada, fue recibido por la parte gracias a un empleado del Servicio Postal de los Estados Unidos quien redirigió la correspondencia a la dirección correcta.[4] Entiende el Apelante que al tratarse de un término de estricto cumplimiento, y considerando que el defecto de notificación no afectó los derechos de la parte pues la Apelada recibió el recurso, que no procede la desestimación a la luz de la Regla 12.1 del Reglamento del Tribunal de Apelaciones, *supra*, ya que este foro debe proveer una oportunidad razonable para corregir los defectos de notificación.

Tal como reseñamos, para que este tribunal prorrogue un término de estricto cumplimiento, la parte quien lo solicita debe demostrar detalladamente que hubo justa causa para la dilación. Eso no ocurrió aquí. El Apelante arguye que notificó a la dirección errónea porque esta surgía

---

[4] *Moción de Desestimación por Falta de Jurisdicción* del Apelado, nota al calce núm. 2 (Dirección vieja: 416 Ponce de Leon Ave., Edif. Union Plaza, Oficina 810, San Juan Puerto Rico 00918-3426; dirección nueva: 252 Ave. Ponce de León, City Tower Building, Suite 701, San Juan PR, 00918-2025).

de la portada del expediente, sin embargo, el hecho de que la dirección no se haya actualizado en el epígrafe no constituye justa causa, máxime cuando la Apelada hizo lo procedente en ley al notificar el cambio en RUA —nueve (9) meses antes de que se presentara el recurso de apelación—, y utilizó la nueva dirección en los escritos posteriores ante el TPI. Esto demuestra que el Apelante tuvo amplia oportunidad de conocer el cambio. Similarmente, la parte argumenta que la deficiencia en la notificación fue inconsecuente pues el empleado del Servicio Postal redirigió el recurso, pero esta actuación independiente del empleado, la cual no es parte de sus funciones, no exime al Apelante del requisito de notificar adecuadamente a la Apelada.

Este tribunal no se conforma con planteamientos estereotipados como los expuestos por el Apelante, por tanto, este no logró persuadirnos de que hubo justa causa para la dilación. En vista de que carecemos de discreción para prorrogar términos de estricto cumplimiento en ausencia de justa causa, *desestimamos* el recurso por falta de jurisdicción, al amparo de la Regla 83 (B)(1) del reglamento de este tribunal, 4 LPRA. Ap. XXII-B R. 83 (B)(1).

### IV.

Por los fundamentos antes expuestos, *desestimamos* el recurso de apelación por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones