ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JONATHAN MURGA RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECIÓN Y REHABILITACIÓN; PHYSICIAN CORRECTIONAL; DR. NAZARIO; DR. RODRÍGUEZ GALARZA<br><br>Recurridos | KLRA202400217 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Administrativo Núm.: B-1861-23<br><br>Sobre: Servicios Médicos |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.

Rivera Pérez, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico hoy, 31 de mayo de 2024.

Comparece ante nos el Sr. Jonathan Murga Rodríguez (en adelante, Sr. Murga Rodríguez o parte recurrente) y nos solicita la revisión de la Respuesta al Miembro de la Población Correccional, la cual según alega en su recurso fue emitida el 15 de diciembre de 2023, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR o parte recurrida) sobre servicios médicos.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I**

Según surge del escrito del Sr. Murga Rodríguez, este presentó una Solicitud de Remedio Administrativo #B-1861-23. El 15 de diciembre de 2023, el DCR emitió la alegada respuesta recurrida, mediante la cual declaró No Ha Lugar la solicitud de Remedio Administrativo presentada por el Sr. Murga Rodríguez.

Número Identificador

SEN2024_____

Asimismo, surge del escrito del Sr. Murga Rodríguez que este presentó una solicitud de reconsideración, la cual fue declarada No Ha Lugar por el DCR mediante una resolución emitida el 23 de marzo de 2024 y notificada el 4 de abril de 2024.

Inconforme con la determinación del DCR, el Sr. Murga Rodríguez acudió ante nos el 25 de abril de 2024 mediante un recurso de revisión judicial, en el cual señala los errores siguientes:

Erró la División [d]e Remedios Administrativos al confirmar la respuesta emitida por el Dr. Galarza en la solicitud de [r]emedio [administrativo] #B-1861-23. Ponchada con fecha: 15 dic. 2023 la cual nada aporta para resolver el [p]roblema [p]lanteado y evadiendo la Respuesta y Responsabilidades al mencionar que al momento de la queja realizarán una investigación. En el momento de contestar el remedio administrativo ya no me encontraba en la institución. Cuando el [r]ecurrente Jonathan Murga Rodríguez se encuentra en la misma Institución Bayamón 501 y [n]o se le ha dado traslado a ninguna otra Institución Correccional. Al hacer la solicitud [d]e [r]econsideración [c]ontinua en la Institución Bayamón 501.

Err[ó] el Dr. Galarza de Physician Correctional en su respuesta al remedio administrativos toda vez que dicha respuesta es una estereotipada la cual solo aporta a evadir la responsabilidad de Physician y no aporta a resolver el problema.

Erró la División de Remedios Administrativos al entregar la Resolución [d]e Reconsideración Núm: B-1861-23 con fecha 18 de marzo de 2024. Hoja [d]e Resolución [d]e Reconsideración fechada el 23 [de] marzo de 2024. Recibida por el [r]ecurrente Jonathan Murga Rodríguez, 4 de abril [de] 2024. Sin [s]olución alguna.

En esa misma fecha, el Sr. Murga Rodríguez presentó ante nos una *Moción en Solicitud De Desglose De Documentos*. En la referida moción, el Sr. Murga Rodríguez señaló que no cuenta con los recursos económicos para poder costear la notificación del recurso a la parte recurrida, por lo cual, nos solicitó le remitiéramos copia del recurso a esta última.

El 17 de mayo de 2024, emitimos una *Resolución* mediante la cual aclaramos que una vez recibimos el recurso, Secretaría remitió copia del mismo a DCR y al Procurador General. Además, le

ordenamos al Sr. Murga Rodríguez presentar copia del apéndice que incluya la determinación de la cual acude, cualquier solicitud de reconsideración y su determinación, así como cualquier otro documento necesario que acredite nuestra jurisdicción. Dicho apéndice debía ser presentado en un término de diez (10) días.

Transcurridos en excesos los términos concedidos al Sr. Murga Rodríguez, procedemos a resolver.

**II**

**A.**

La *jurisdicción* se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank,* 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); S.L.G. *Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No

obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

En cuanto al contenido del recurso de revisión, la Regla 59(E)(1)(c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E)(1)(c), en lo pertinente, dispone lo siguiente:

"(E) Apéndice
(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:
(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.
(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.
**(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.**
**(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.**
(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.
(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.
(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.
(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de

> presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.
>
> La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso." (Énfasis suplido)

Es norma trillada de derecho que las partes tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro apelativo. Estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Hernández Jiménez, et als. v. AEE,* 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.,* 158 DPR 163, 167 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de la ley vigentes y de nuestro reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí,* 165 DPR 356 (2005).

**III**

Examinado el recurso de revisión presentado por el Sr. Murga Rodríguez, encontramos que este no incluyó el apéndice requerido

por nuestro Reglamento. Por tal razón, le concedimos diez (10) días, al Sr. Murga Rodríguez para perfeccionar su recurso de manera que pudiéramos estar en posición de atender su reclamo.

Sin embargo, transcurridos los términos concedidos al Sr. Murga Rodríguez sin que este haya cumplido con nuestras órdenes y perfeccionado su recurso de revisión, nos vemos forzados a desestimarlo.

Según expusimos, la Regla 59(E)(1)(c) del Reglamento del Tribunal de Apelaciones, *supra,* requiere que el recurso de revisión incluya un apéndice que contenga, ente otros documentos, una copia de "[l]a orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren."

A pesar de que nuestro Reglamento dispone que la omisión de incluir los documentos del apéndice no será causa de desestimación del recurso, en el presente caso dicha omisión interfiere con nuestra facultad revisora.

No estamos en posición de poder determinar si tenemos jurisdicción para atender el presente recurso de revisión, ya que no contamos con todos los documentos necesarios para poder acreditar que el recurrente compareció ante nos dentro del término legal correspondiente. Mucho menos estamos en posición de poder resolver la controversia que se nos plantea, pues desconocemos los hechos y las conclusiones de derecho en que está fundada la determinación del dictamen recurrido. Ello, a pesar de la oportunidad que le fue concedida a la parte recurrente para presentar los documentos que requiere nuestro reglamento.

Por lo tanto, procedemos a desestimar el presente recurso de revisión por incumplimiento con los requisitos mínimos para su perfeccionamiento.

**IV**

Por los fundamentos expuestos, de conformidad a la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* se desestima el recurso de revisión.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones