Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JANETTE R. BRUCKMAN SAN MIGUEL<br><br>Apelante<br><br>V.<br><br>SERVICIOS LEGALES DE PUERTO RICO<br><br>Apelado | TA2025AP00089 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV07737<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente |

Panel integrado por su presidenta; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores[1]

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 13 de agosto de 2025.

El 7 de julio de 2025, compareció ante este Tribunal de Apelaciones la Sra. Janette R. Bruckman San Miguel (en adelante, señora Bruckman San Miguel o parte apelante), mediante recurso de *Apelación*. Por medio de este, nos solicita que revisemos la *Sentencia* emitida y notificada el 16 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro primario desestimó la demanda de entredicho provisional (*injunction*) instada en contra de Servicios Legales de Puerto Rico (en adelante, SLPR o parte apelada).

Por los fundamentos que adelante se exponen, se *confirma* el dictamen apelado.

**I**

En síntesis, el caso que nos ocupa tiene su génesis en una solicitud de acomodo razonable que peticionó la señora Bruckman

---

[1] Panel Especial 2025-36.

San Miguel a su antiguo patrono, y parte apelada, SLPR, en el año 2021. Luego de una evaluación médica hecha en el año 2021[2], la parte apelante persiguió la reactivación del acomodo razonable acordado por las partes en el año 2011, y que quedó sin efecto en 2013[3]. Según alegó la señora Bruckman San Miguel, SLPR no accedió a la solicitud de reactivación del acuerdo previo.[4]

A modo de recapitulación, el 23 de noviembre de 2021, la señora Bruckman San Miguel presentó una *Solicitud de Entredicho Preliminar y Permanente y Sentencia Declaratoria, Daños y Perjuicios.*[5] Suplicó el acomodo razonable mediante la reubicación de la señora Bruckman San Miguel del área de litigios al área de Teleabogados de la SLPR. Amparó su reclamo en la Ley que prohíbe el discrimen contra las personas con impedimentos, Ley Núm. 44 de 2 de julio de 1985, 1 LPRA sec. 501 et *seq.*, entre otras causas de acción.

Luego de varios incidentes procesales innecesarios pormenorizar, el 13 de diciembre de 2021, la parte apelada presentó su oposición a la solicitud de interdicto y sentencia declaratoria presentada por la parte apelante.[6] Objetó las condiciones de salud alegadas por la parte recurrente. Sostuvo su oposición a la petición de entredicho de la parte apelante al mencionar que la señora Bruckman San Miguel modelaba un patrón de incumplimiento

---

[2] Véase, Apéndice A, pág. 20, del Apéndice del recurso de la parte apelante. Entrada Núm. 3 del recurso de la parte apelante en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

[3] *Íd.*, págs. 45-46. *Contestación a Solicitud de Acomodo Razonable.* Carta de SLPR dirigida a la señora Bruckman San Miguel el 8 de junio de 2021.

[4] Véase, págs. 3-4, del recurso de la parte apelante, alegaciones 1-7. Según alegado por la señora Bruckman San Miguel, sus condiciones de salud emocional descritas afectan su atención, concentración, retención y memoria. Indicó, además, que dichas condiciones médicas se exacerban ante escenarios de gran carga o intensidad laboral.

[5] Véase, Apéndice A, págs. 1-56, del Apéndice del recurso de la parte apelante en SUMAC TA. Entrada Núm. 3 del recurso de la parte apelante en SUMAC TA. El escrito fue presentado en su versión digital el 24 de noviembre de 2021, en cumplimiento con una *Orden* emitida por el foro primario sobre la presentación digital del escrito.

[6] Véase, Apéndice L, págs. 91-105, del Apéndice del recurso de la parte apelante. Entrada Núm. 14 del recurso de la parte apelante en SUMAC TA. *Comparecencia en cumplimiento de orden y en oposición a solicitud de interdicto y sentencia declaratoria*, presentado por la parte apelada el 13 de diciembre de 2021.

laboral al no completar de manera oportuna sus hojas de trabajo y asistencia, según requerido por SLPR. También, indicó que parte esencial de las funciones del puesto comprende atender materias litigiosas de naturaleza civil ante los tribunales. Adicionalmente, puntualizó que, la parte apelante estuvo bajo descanso desde el mes de mayo del 2021. Así las cosas, SLPR indicó que el remedio solicitado era prematuro y la petición de remedio extraordinario debía ser denegada.

El 18 de marzo de 2022, mediante *Sentencia Parcial*, el foro primario declaró *Ha Lugar* la moción de la parte apelada. El mismo día, ordenó y notificó el dictamen. Subsiguientemente, reasignó el caso a la Sala Civil ordinaria[7].

El 4 de abril de 2022, la señora Bruckman San Miguel solicitó reconsideración.[8] Rogó por la expedicion de la acción interdictal solicitada o, al menos, la concesión de una vista. Expresó que, la denegatoria del remedio agravaría aún más su condición de salud.

El 5 de abril de 2022, el foro primario, mediante *Resolución*, declaró *No Ha Lugar* la *Moción de Reconsideración.*[9]

El 21 de junio de 2022, este Tribunal de Apelaciones emitió una *Sentencia* sobre un recurso incoado por la parte apelante. En esa ocasión, el foro apelativo intermedio confirmó el dictamen del foro primario sobre la desestimación del caso. Determinó que, las alegaciones de la señora Bruckman San Miguel resultaron insuficientes para expedir el remedio interdictal estatutario solicitado y avaló la adjudicación del pleito en un trámite ordinario.[10]

---

[7] Véase, Apéndice T, págs. 129-137, del Apéndice del recurso de la parte apelante. Entrada Núm. 22 del Apéndice del recurso de la parte apelante en SUMAC TA.
[8] Véase, Apéndice U, págs. 138-143, del Apéndice del recurso de la parte apelante. Entrada Núm. 23 del Apéndice del recurso de la parte apelante en SUMAC TA.
[9] Véase, Apéndice V, págs. 144, del Apéndice del recurso de la parte apelante. Entrada Núm. 24 del Apéndice del recurso de la parte apelante en SUMAC TA.
[10] Véase, Apéndice Y, págs. 149-159, del Apéndice del recurso de la parte apelante. Entrada Núm. 27 del Apéndice del recurso de la parte apelante en SUMAC TA. El Anejo contiene la *Sentencia* con indicador alfanumérico KLCE202200445. El dictamen fue notificado el 23 de junio de 2022.

El 25 de abril de 2023, se celebró una vista mediante videoconferencia. En ella, la parte apelante solicitó la paralización del caso, pues el asunto se estaba dilucidando ante el Negociado de Conciliación de Arbitraje del Departamento del Trabajo de Puerto Rico. Ese mismo día, el foro primario ordenó la paralización del caso.[11]

El 25 de octubre de 2024, notificada el 28 de octubre de ese mismo año, el Tribunal de Primera Instancia, mediante *Orden*, requirió a las partes exponer por escrito las razones por las cuales el caso no debía ser desestimado por inactividad conforme a la Regla 39.2 (b) de las de Procedimiento Civil.[12]

El 7 de noviembre de 2024, la parte apelante le reiteró al foro primario que el caso aún estaba pendiente de ser calendarizado para vista en su fondo ante el Negociado de Conciliación de Arbitraje.[13] Por lo anterior, solicitó que el caso se mantuviera paralizado hasta que adviniera final y firme el dictamen administrativo sobre la controversia del despido de la apelante, al amparo del convenio colectivo.

El 13 de noviembre de 2024, y notificado al día siguiente, el Tribunal de Primera Instancia dispuso la continuación de la paralización del caso y se dejó sin efecto la orden de mostrar causa.[14]

Con posterioridad, el 16 de mayo de 2025, el foro primario emitió y notificó su *Sentencia Final* mediante la cual desestimó, sin

---

[11] Véase, Apéndice II, págs. 200-201, del Apéndice del recurso de la parte apelante. Entrada Núm. 37 del Apéndice del recurso de la parte apelante en SUMAC TA. *Minuta.*

[12] Véase, Apéndice JJ, pág. 202, del Apéndice del recurso de la parte apelante. Entrada Núm. 38 del Apéndice del recurso de la parte apelante en SUMAC TA.

[13] Véase, Apéndice KK, págs. 203-204, del Apéndice del recurso de la parte apelante. Entrada Núm. 39 del Apéndice del recurso de la parte apelante en SUMAC TA. *Moción Informativa en Cumplimiento de Orden de Mostrar Causa.*

[14] Véase, Apéndice LL, pág. 205, del Apéndice del recurso de la parte apelante. Entrada Núm. 40 del Apéndice del recurso de la parte apelante en SUMAC TA.

perjuicio, el caso y fundamentó su decisión en la Regla 10 de las de Procedimiento Civil.[15]

Entre otras cosas, el 23 de mayo de 2025, la parte apelante presentó su *Solicitud de Reconsideración*.[16] En ella, informó que el caso estaba señalado para el 16 de junio de 2025, para vista de continuación, ante el Negociado de Conciliación de Arbitraje.[17]

El 4 de junio de 2025, la parte apelada se opuso a la solicitud de reconsideración presentada por la parte apelante.[18]

Mediante *Resolución Interlocutoria*, emitida el 4 de junio y notificada el 5 de junio de 2025, el foro primario declaró *No Ha Lugar* la moción de reconsideración presentada por la señora Bruckman San Miguel.[19]

Inconforme con lo resuelto, el 7 de julio de 2025, la parte apelante acudió ante este foro revisor mediante *Apelación*,[20] en la cual esgrimió los siguientes señalamientos de error:

Primer error:

Erró el Honorable Tribunal de Primera Instancia al haber desestimado la reclamación de daños y perjuicios de la apelante por alegada falta de jurisdicción.

Segundo error:

Erró el Honorable Tribunal de Primera Instancia al haber desestimado la reclamación de daños y perjuicios de la apelante no obstante que la misma estaba paralizada por razón de que estaba pendiente ante el

---

[15] Véase, Entrada Núm. 2 del Apéndice del recurso de la parte apelante en SUMAC TA.

[16] Véase, Apéndice OO, págs. 209-212, del Apéndice del recurso de la parte apelante. Entrada Núm. 43 del Apéndice del recurso de la parte apelante en SUMAC TA. También, véase, entrada número 55 del expediente del Tribunal de Primera Instancia (SJ2021CV07737).

[17] En el escrito, la parte apelante hizo el siguiente recuento:
[...]
C) Informamos que la vista en su fondo del caso número A-22-1325 ventilándose en el Negociado de Conciliación y Arbitraje fue calendarizada inicialmente para comienzos del 6 de marzo del 2025 ante el Honorable [Á]rbitro Yolanda Cotto Rivera. La misma dio comienzo el 28 de abril del año en curso. (Véase Exhibit A adjunto) Este caso está señalado para una vista de continuación a efectuarse el próximo 16 de junio del año en curso.
[...]

[18] Véase, Apéndice SS, págs. 217-222, del Apéndice del recurso de la parte apelante. Entrada Núm. 47 del Apéndice del recurso de la parte apelante en SUMAC TA.

[19] Véase, Apéndice TT, pág. 223, del Apéndice del recurso de la parte apelante. Entrada Núm. 48 del Apéndice del recurso de la parte apelante en SUMAC TA.

[20] Véase, Entrada Núm. 1 en SUMAC TA.

Negociado de Coalición y Arbitraje del Departamento del Trabajo de Puerto Rico entre las partes un caso relacionado con la alegación de despido ilegal de esta en el contexto del Convenio Colectivo que a esa fecha estaba vigente y de la cual la apelante era integrante de la Unidad Apropiada.

Mediante *Resolución* emitida el 10 de julio de 2025 y notificada al día siguiente, le concedimos a la parte apelada hasta el 6 de agosto de 2025 para presentar su oposición. En cumplimiento con lo ordenado, el 10 de julio de 2025, compareció la parte apelada el 6 de agosto de 2025 mediante *Alegato en Oposición a la Apelación presentada*[21]. En su escrito, puntualizó lo siguiente en referencia a la parte apelante:

> "[...] SLPR le notificó sobre su despido el 2 de mayo de 2022, el cual fue por justa causa y por razones legítimas y no represivas. Esto, tras expirar y/o quedar sin efecto el Artículo 26 del Convenio Colectivo 2015-2018 entre SLPR y la Unión de Abogados y Abogadas de SLPR – que para ese entonces aplicaba a la demandante – y que contempla el beneficio de licencia sin sueldo involuntario, a la cual estaba acogida la demandante.
>
> **Luego de su despido el 2 de mayo del 2022, la demandante apelante se acogió al procedimiento de arbitraje laboral y cuestionó su despido mediante el mecanismo de arbitraje laboral que proveía el Convenio Colectivo SLPR-UAASL 2015-2018.** Tras expirar el convenio, mediante acuerdo entre patrono y la uni[ó]n, se extendió la vigencia de Quejas y Agravios desde el 25 de marzo de 2022 y por 180 días. (Ap. 1) El proceso de arbitraje se inició ante el Negociado de Conciliación y Arbitraje, del Departamento del Trabajo y Recursos Humanos, al cual se le asignó el caso A-22-1325.[...]"

(Negrillas en el original).

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

## II

### A. Jurisdicción

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.

---

[21] Véase, Entrada Núm. 4 en SUMAC TA.

Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267 (2018).[22]

Así, nuestra Máxima Curia ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual, los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Pueblo v. Ríos Nieves,* 209 DPR 264, 273 (2022); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. (Citas omitidas). *Ruiz Camilo v. Trafon Group,* Inc., supra, pág. 268.[23]

Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito. En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortar ni extender. Asimismo, se ha resuelto que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia. (Citas omitidas). *Ruiz Camilo v. Trafon Group, Inc.,* supra, págs. 268-269.

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro,

---

[22] Véase también, *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019).
[23] Véase, además, *Torres Alvarado v. Madera Atiles*, supra.

ya que éste adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo. (Citas omitidas). *Íd.*, pág. 269.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Pueblo v. Ríos Nieves*, supra, págs. 273-274.

Por otro lado, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[24] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[25]

---

[24] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[25] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[26], confiere facultad a este Tribunal para, a iniciativa propia, o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Justiciabilidad y Madurez

Como es sabido, los tribunales solamente podemos evaluar aquellos casos que sean justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011); *Moreno v. Pres. U.P.R. II*, 178 DPR 969 (2010). Conforme a esto, los tribunales limitan su intervención para resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958). Nuestra más Alta Curia ha expresado que, una controversia no es justiciable cuando: "(1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro". *Bhatia Gautier v. Gobernador*, supra, págs. 68-69.

Según el Tribunal Supremo, el requisito de madurez está fundamentado en consideraciones derivadas de la prudencia y en las limitaciones constitucionales que prohíben al foro judicial emitir opiniones consultivas. *Rexach v. Ramírez Vélez*, 162 DPR 130, 141 (2004).[27] La madurez de un caso atiende la proximidad

---

[26] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).
[27] Citando a R. Serrano Geyls, *Derecho constitucional de Estados Unidos y Puerto Rico*, San Juan, Ed. U.I.A.P.R. 1997, Vol. I, pág. 195.

temporal del daño sobre el litigante. *Íd.* Los tribunales tienen el deber de determinar si realmente existe una controversia entre las partes de naturaleza justiciable, propia para un pronunciamiento judicial. *Rexach v. Ramírez Vélez*, supra, pág. 142. Es necesario que se examine la madurez mediante un análisis dual, basado en (1) si la controversia sustantiva es apropiada para la resolución judicial, y (2) si el daño es suficiente para requerir adjudicación. *Íd.* Según nuestro Máximo Foro, el factor determinante es que la controversia esté definida concretamente de manera que el tribunal pueda evaluarla en sus méritos. *Íd.*

### C. *El arbitraje*

En términos generales, el arbitraje se ha definido como el "procedimiento para resolver controversias, sometiéndolas a un árbitro o a un cuerpo de árbitros, para luego de considerar las pruebas, emitir un laudo".[28] Entonces, se podría señalar que el arbitraje es un método alterno para la solución de conflictos, su propósito es que las partes presenten sus controversias ante un ente neutral (un árbitro o un panel de árbitros) con autoridad para adjudicar e imponer una decisión a las partes. *Aquino González v. A.E.E.L.A.*, 182 DPR 1, 19 (2011).

Nuestro ordenamiento jurídico permite que las partes en un contrato puedan obligarse a llevar ante un árbitro, mediante el proceso de arbitraje, las posibles controversias futuras derivadas de su relación contractual. Es por ello que el arbitraje es una figura jurídica inherentemente contractual y es exigible solamente cuando las partes así lo hayan pactado.[29] *H.R. Inc. v. Vissepó & Díaz Constr.*, 190 DPR 597, 605 (2014).

---

[28] I. Rivera García, *Diccionario de Términos Jurídicos*, 2da ed., rev., Orford, Equity, 1985, pág. 18.
[29] *S.L.G. Méndez Acevedo v. Nieves Rivera*, 179 DPR 359, 366-367 (2010).

En este sentido, en Puerto Rico existe una vigorosa política pública a favor del arbitraje. *UGT v. Centro Médico del Turabo*, 208 DPR 944, 955 (2022). Esta política se recoge en la Ley Núm. 376 de 8 de mayo de 1951 y está motivada por el interés del Estado de facilitar la solución de disputas por la vía más rápida, flexible y menos onerosa que los tribunales para la resolución de controversias que emanan de la relación contractual entre las partes. A su vez, la política a favor del arbitraje no es extraña en otras jurisdicciones. En la esfera federal, el proceso de arbitraje está regulado por la Ley Federal de Arbitraje, 9 USCA sec. 1 *et seq.* Esta aplica a contratos interestatales y establece que las cláusulas de arbitraje en los contratos son válidas, irrevocables y mandatorias. Cuando se pacta un proceso de arbitraje en un contrato, los tribunales carecen de discreción para determinar su eficacia y tienen que dar cumplimiento al arbitraje según acordado. (Citas omitidas). *H.R. Inc. v. Vissepó & Díaz Constr.*, supra, pág. 606.

Pertinente a la controversia que nos atiene, nuestro Tribunal Supremo ha puntualizado que, cuando en el Convenio Colectivo que rige las relaciones obrero-patronal las partes acuerdan utilizar el mecanismo del arbitraje como método alterno, se crea un foro sustituto a los tribunales de justicia, lo que "en efecto, [...] representa una sustitución del juez por el árbitro". *UGT v. Centro Médico del Turabo*, supra, pág. 955; *HIEtel v. PRTC*, 182 DPR 451, 456 (2011); Véanse: *Aut. Puertos v. HEO, supra,* pág. 424; *J.R.T. v. Junta Adm. Muelle Mun. de Ponce*, 122 DPR 318 (1988).

De conformidad con ello, "[l]os procedimientos de arbitraje y [los] laudos emitidos en el campo laboral gozan ante los tribunales de justicia de una especial deferencia". *Hietel v. PRTC, supra*, pág. 455; *Pagán v. Fund. Hosp. Dr. Pila,* 114 DPR 224, 231 (1983); *S.I.U. de P.R. v. Otis Elevator Co.,* 105 DPR 832, 836 (1977). Consecuentemente, la revisión de éstos se circunscribe a determinar

la existencia de fraude, conducta impropia, falta del debido proceso de ley, violación a la política pública, falta de jurisdicción o que el laudo no resuelva todos los asuntos litigiosos. *C.F.S.E. v. Unión de Médicos, supra*; *Condado Plaza v. Asoc. Emp. Casinos P.R.*, 149 DPR 347, 353 (1999). Ahora bien, si las partes acuerdan que el laudo sea emitido conforme a derecho, los tribunales de justicia podrán corregir errores jurídicos de forma cónsona con el derecho aplicable. *C.F.S.E. v. Unión de Médicos, supra*; *Condado Plaza v. Asoc. Emp. Casinos P.R., supra*; *J.R.T. v. Junta Adm. Muelle Mun. de Ponce, supra*, pág. 326.

En lo pertinente al arbitraje, nuestro Máximo Foro ha determinado consistentemente que las partes que voluntariamente se someten a un procedimiento de arbitraje deben agotar los remedios contractuales antes de acudir a los tribunales, salvo que exista justa causa para obviarlos. Ello responde a varias razones, tanto del derecho de obligaciones y contratos como de orden público. De esta forma, las partes acuerdan voluntariamente limitar la jurisdicción de los tribunales sobre su persona para dar paso al proceso de arbitraje. Esto, pues se favorece la voluntad de las partes cuando estas deciden cuál es el mecanismo idóneo para la resolución de sus disputas. (Citas omitidas). *H.R. Inc. v. Vissepó & Díaz Constr.*, supra, pág. 607.

De otra parte, [s]e ha expresado que algunas de las ventajas de someter una controversia o reclamación al procedimiento de arbitraje son las siguientes: la pericia del ente neutral respecto a la materia objeto de disputa, la privacidad e informalidad en los procedimientos, los bajos costos del proceso y la rapidez en la toma de decisiones. (Citas omitidas). *Aquino González v. A.E.E.L.A.*, supra, págs. 19-20.

**III**

Por estar relacionados los precitados señalamientos de error, procederemos a discutirlos en conjunto. En resumen, la señora Bruckman San Miguel impugnó la desestimación del caso de epígrafe. Disputó la falta de jurisdicción fundamentada por el foro primario e indicó que también era improcedente la desestimación toda vez que, se había ordenado la paralización del caso. No le asiste la razón. Veamos.

Puntualmente, el Artículo 7 del *Convenio Colectivo entre Servicios Legales de Puerto Rico, Inc. (SLPR) y la Unión de Abogados (as) de Servicios Legales (UAASL) del 2015-2018* (en adelante, el Convenio Colectivo)[30] pacta el procedimiento para la resolución de quejas y agravios entre SLPR y el gremio. En su Sección 7 (b), una vez el caso es presentado ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos, el árbitro asignado operará de la siguiente manera:

[…]

B. El/la Árbitro tendrá jurisdicción exclusiva para considerar y resolver toda controversia o asunto que no haya sido resuelto por los representantes de las partes de conformidad con las secciones precedentes y tendrá jurisdicción original para considerar y resolver cualquier controversia o asunto que cualquiera de las partes considere no es susceptible de resolución por dichos representantes. Además, tendrá jurisdicción exclusiva para considerar toda controversia, disputa, queja o querella que surja en la aplicación o interpretación de las disposiciones de este Convenio u otros asuntos que surjan del mismo.

[…]

Según surge del expediente ante nuestra consideración, la señora Bruckman San Miguel estuvo fuera de su trabajo por razones de salud desde el **28 de mayo de 2021**.[31] El **23 de noviembre de**

---

[30] Véase, Entrada Núm. 4, SUMAC TA. (Ap. 2) del Apéndice del *Alegato en Oposición a la Apelación presentada*, escrito presentado por la parte apelada.
[31] Véase, Entrada Núm. 4 en SUMAC TA. (Ap. 4) *Comunicación 2 mayo 2022 (Formulación de Cargos)*, del Apéndice la parte apelada. E documento aparece suscrito el 4 de mayo de 2022.

**2021**, la parte apelante presenta una solicitud de entredicho ante el Tribunal de Primera Instancia, a los fines de requerir un acomodo razonable en su centro de trabajo. El **4 de mayo de 2022** la apelante fue destituida de su cargo.[32] Con posterioridad, la apelante instó una reclamación sobre el despido al amparo del Convenio Colectivo despido laboral ante el Negociado de Conciliación y Arbitraje. **El 25 de abril de 2023**, el Tribunal de Primera Instancia ordenó la paralización del caso sobre la solicitud de entredicho. Luego de varios trámites procesales, el foro primario desestimó el caso de epígrafe el **16 de mayo de 2025**, dictamen apelado en este caso.

En su *Solicitud de Reconsideración*[33], del 23 de mayo de 2025, la parte apelante informó que, estaba señalada ante el Negociado de Conciliación y Arbitraje una vista de continuación sobre la controversia del despido laboral de la apelante, al amparo del convenio colectivo para el 16 de junio de 2025. En su escrito de *Apelación*, presentado ante nos el 7 de julio de 2025, la parte apelante no proveyó información actualizada sobre el proceso de arbitraje.

Habida cuenta de que el caso de la apelante se encuentra ante la consideración del Negociado de Conciliación y Arbitraje, en virtud del Convenio Colectivo que cobija el proceso de quejas y agravios entre las partes, el foro judicial debe abstenerse de intervenir en el caso en esta etapa de los procedimientos. Consecuentemente, coincidimos con la desestimación ordenada por el foro primario. Puntualizamos que la desestimación del foro primario es **sin perjuicio**.[34] En conclusión, no se cometieron los errores señalados.

---

[32] *Íd.*

[33] Véase, Apéndice OO, págs. 209-212, del Apéndice del recurso de la parte apelante. Entrada Núm. 43 del Apéndice del recurso de la parte apelante en SUMAC TA. También, véase, entrada número 55 del expediente del Tribunal de Primera Instancia (SJ2021CV07737).

[34] Cabe señalar que, el Negociado de Conciliación y Arbitraje queda expresamente excluido de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9601, *et seq.*, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico. Por lo tanto, el principio de agotamiento de remedios administrativos no es aplicable a este caso.

## IV

Por los fundamentos antes expuestos, se confirma el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones